**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S HOLDINGS LLC | ) | Case No. 25-11454 ([____]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 36-4609619 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BMS DISTRIBUTING CORP., | ) | Case No. 25-11455([____]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 05-0544117 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CBI DISTRIBUTING CORP., | ) | Case No. 25-11456 ([____]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 65-0135574 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S (GIBRALTAR) HOLDINGS LIMITED, | ) | Case No. 25-11457 ([____]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 604273 | ) | |
| | ) | Chapter 11 |
| In re: | ) | |
| | ) | |
| CLAIRE'S BOUTIQUES, INC., | ) | Case No. 25-11458 ([____]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 36-2025307 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S CANADA CORP., | ) | Case No. 25-11459([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 65-0447936 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S INTELLECTUAL LLC, | ) | Case No. 25-11460 ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 99-0865274 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S PUERTO RICO CORP., | ) | Case No. 25-11461 ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 66-0496113 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S STORES, INC., | ) | Case No. 25-11462 ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 59-0940416 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S SWISS HOLDINGS II LLC, | ) | Case No. 25-11463 ([___]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 99-1057980 | ) | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CLAIRE'S SWISS HOLDINGS LLC, | ) | Case No. 25-11464 ([___]) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 88-0942299 | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| CLSIP HOLDINGS LLC, | ) | Case No. 25-11465 ([___]) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 81-3771950 | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| CLSIP LLC, | ) | Case No. 25-11466 ([___]) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 81-3779769 | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| CSI CANADA LLC, | ) | Case No. 25-11467 ([___]) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 4782343 | ) |  |

## MOTION OF DEBTORS FOR ENTRY OF
## AN ORDER (I) DIRECTING THE JOINT ADMINISTRATION
## OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state

as follows in support of this motion:[1]

---

[1]    A detailed description of the Debtors and their business, including the facts and circumstances supporting the motion, is set forth in the *Declaration of Chris Cramer, Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer of Claire's Holdings LLC and Certain of Its Affiliates, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* filed contemporaneously herewith (the "First Day Declaration").

**Relief Requested**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"), (a) directing procedural consolidation and joint administration of these

chapter 11 cases and (b) granting related relief.  The Debtors request that one file and one docket

be maintained for all of the jointly-administered cases under the case of Claire's Holdings LLC

(the parent company for each of the Debtors) and that the cases be administered under a

consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

2.      The Debtors also seek waiver of the requirements of section 342(c)(1) of title 11 of

the United States Code, 11 U.S.C. § 101–1152 (the "Bankruptcy Code") and rules 1005 and

2002(o) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that the case

caption on pleadings and notices in these cases contain the name, tax identification number, and

address of each Debtor and any names used by each Debtor in the previous eight years.  As an

---

Capitalized terms used but not defined in this motion shall have the meanings ascribed to them in the First Day Declaration.

alternative to including this information in each caption, the Debtors propose the foregoing

caption, the footnote of which includes a list of the Debtors in these chapter 11 cases and the last

four digits of their tax identification numbers along with the service address of the Debtors.

3.        The Debtors also request that a docket entry, substantially similar to the following,

be entered on the docket of each of the Debtors, other than Claire's Holdings LLC, to reflect the

joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the
> Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the
> Local Rules of the United States Bankruptcy Court for the District
> of Delaware directing joint administration of the chapter 11 cases
> of:  Claire's Holdings LLC, Case No. 25-11454 (___); BMS
> Distributing Corp., Case No. 25-11455 (___); CBI Distributing
> Corp., Case No. 25-11456 (___); Claire's (Gibraltar) Holdings
> Limited Case No. 25-11457 (___); Claire's Boutiques, Inc., Case
> No. 25-11458 (___); Claire's Canada Corp., Case No. 25-11459
> (___); Claire's Intellectual LLC, Case No. 25-11460 (___); Claire's
> Puerto Rico Corp., Case No. 25-11461 (___); Claire's Stores, Inc.,
> Case No. 25-11462 (___); Claire's Swiss Holdings II, Case No. 25-
> 11463 (___); Claire's Swiss Holdings LLC, Case No. 25-11464
> (___); CLSIP Holdings LLC, Case No. 25-11465 (___); CLSIP
> LLC, Case No. 25-11466 (___); and CSI Canada LLC, Case No. 25-
> 11467 (___).  The docket in Case No. 25-11454 (___) should be
> consulted for all matters affecting this case.  All further pleadings
> and other papers shall be filed in and all further docket entries shall
> be made in the docket of Claire's Holdings LLC, Case No. 25-11454
> (___).

### Jurisdiction and Venue

4.        The United States Bankruptcy Court for the District of Delaware (the "Court") has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

*Order of Reference* from the United States District Court for the District of Delaware, dated

February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2),

and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United

States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final

order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.    The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rules 1015(b) and 2002, and Local Rules 1015-1 and 9013-1(m).

## Background

7.    On August 6, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

## Basis for Relief

8.    Bankruptcy Rule 1015(b) provides, in pertinent part, that "[t]he court may order joint administration of the estates . . . in two or more cases pending in the same court if they are brought by or against . . . a debtor and an affiliate."  Fed. R. Bankr. P. 1015(b)(1)(D).  The 14 Debtor entities that commenced these chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

9.    Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> The Court may order joint administration of related cases pending in this Court without notice and an opportunity for hearing on a motion supported by an affidavit, declaration, or verification establishing that joint administration of the cases is warranted and will ease the administrative burden for the Court and the parties. A

> joint administration order entered under this Local Rule (i) is procedural only and does not substantively consolidate the debtors' estates and (ii) may be reconsidered on motion of a party in interest at any time.

Del. Bankr. L.R. 1015-1.

10.     Joint administration is generally non-controversial, and courts in this district routinely order joint administration in cases with multiple related debtors.  *See, e.g.*, *In re At Home Grp. Inc.*, No. 25-11120 (JKS) (Bankr. D. Del June 17, 2025); (directing joint administration of chapter 11 cases); *In re Marelli Auto. Lighting USA LLC*, No. 25-11034 (CTG) (Bankr. D. Del. June 12, 2025) (same); *In re Liberated Brands, LLC*, No. 25-10168 (JKS) (Bankr. D. Del. Feb. 4, 2025) (same); *In re JOANN Inc.*, No. 25-10068 (CTG) (Bankr. D. Del. Jan. 16, 2025) (same); *In re Am. Tire Distribs., Inc.,* No. 24-12391 (CTG) (Bankr. D. Del. Oct. 24, 2024) (same).[2]

11.     Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  Many, if not all, of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity.  The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings, objections, or multiple hearings on common issues.  Joint administration also will allow the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

12.     Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested; instead, parties in

---

[2]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

interest will benefit from the (a) cost reductions associated with the joint administration of these chapter 11 cases and (b) ease of reference to one main case docket of Claire's Holdings LLC throughout the chapter 11 cases.  Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest, and the relief requested herein should therefore be approved.

### Notice

15.    The Debtors will provide notice of this motion to the following parties or their respective counsel, as applicable:  (a) the U.S. Trustee; (b) the Priority Term Loan Agent; (c) the Existing Term Loan Agent; (d) the Agent under the ABL Facility; (e) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (f) the United States Attorney for the District of Delaware; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; and (i) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  As this motion is seeking "first day" relief, within two business days of the hearing on this motion, the Debtors will serve copies of this motion and any order entered in respect to this motion as required by Local Rule 9013-1(m).  In light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

16.    No prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  August 6, 2025
Wilmington, Delaware

*/s/ Zachary I. Shapiro*

**RICHARDS, LAYTON & FINGER, P.A.**
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Clint M. Carlisle (No. 7313)
Colin A. Meehan (No. 7237)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:          defranceschi@rlf.com
                heath@rlf.com
                shapiro@rlf.com
                carlisle@rlf.com
                meehan@rlf.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Allyson B. Smith (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          joshua.sussberg@kirkland.com
                allyson.smith@kirkland.com

- and -

Alexandra F. Schwarzman, P.C. (*pro hac vice* pending)
Robert A. Jacobson (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          alexandra.schwarzman@kirkland.com
                rob.jacobson@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

## Exhibit A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S HOLDINGS LLC | ) | Case No. 25-11454 ([____]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 36-4609619 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BMS DISTRIBUTING CORP., | ) | Case No. 25-11455 ([____]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 05-0544117 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CBI DISTRIBUTING CORP., | ) | Case No. 25-11456 ([____]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 65-0135574 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S (GIBRALTAR) HOLDINGS LIMITED, | ) | Case No. 25-11457 ([____]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 604273 | ) | |
| | ) | Chapter 11 |
| In re: | ) | |
| | ) | |
| CLAIRE'S BOUTIQUES, INC., | ) | Case No. 25-11458 ([____]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 36-2025307 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S CANADA CORP., | ) | Case No. 25-11459 ([____]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 65-0447936 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S INTELLECTUAL LLC, | ) | Case No. 25-11460 ([____]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 99-0865274 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S PUERTO RICO CORP., | ) | Case No. 25-11461 ([____]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 66-0496113 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S STORES, INC., | ) | Case No. 25-11462 ([____]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 59-0940416 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S SWISS HOLDINGS II LLC, | ) | Case No. 25-11463 ([____]) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 99-1057980 | ) | |

2

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CLAIRE'S SWISS HOLDINGS LLC, | ) Case No. 25-11464 ([___]) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 88-0942299 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| CLSIP HOLDINGS LLC, | ) Case No. 25-11465 ([___]) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 81-3771950 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| CLSIP LLC, | ) Case No. 25-11466 ([___]) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 81-3779769 | ) |
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| CSI CANADA LLC, | ) Case No. 25-11467 ([___]) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 4782343 | ) |

## ORDER (I) DIRECTING THE JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order"), (a) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only and (b) granting

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Any objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3.      The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under the docket for Debtor Claire's Holdings LLC, Case No. 25-11454 (___).

4.    The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

5.    The foregoing caption fully satisfies the policies behind the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(o).

6.    A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than Claire's Holdings LLC to reflect the joint administration of these chapter 11 cases:

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of:  Claire's Holdings LLC, Case No. 25-11454 (___); BMS Distributing Corp., Case No. 25-11455 (___); CBI Distributing Corp., Case No. 25-11456 (___); Claire's (Gibraltar) Holdings Limited Case No. 25-11457 (___); Claire's Boutiques, Inc., Case No. 25-11458 (___); Claire's Canada Corp., Case No. 25-11459 (___); Claire's Intellectual LLC, Case No. 25-11460 (___); Claire's Puerto Rico Corp., Case No. 25-11461 (___); Claire's Stores, Inc., Case No. 25-11462 (___); Claire's Swiss Holdings II, Case No. 25-11463 (___); Claire's Swiss Holdings LLC, Case No. 25-11464 (___); CLSIP Holdings LLC, Case No. 25-11465 (___); CLSIP LLC, Case No. 25-11466 (___); and CSI Canada LLC, Case No. 25-11467 (___).  The docket in Case No. 25-11454 (___) should be consulted for all matters affecting this case.  All further pleadings

and other papers shall be filed in and all further docket entries shall
be made in the docket of Claire's Holdings LLC, Case No. 25-11454
(____).

7.    The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Delaware shall keep, one consolidated docket, one file, and one consolidated service list.

8.    Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating these cases.

9.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

10.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.