**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CLAIRE'S HOLDINGS LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-11454 (BLS)<br><br>(Jointly Administered) |
| In re:<br><br>BMS DISTRIBUTING CORP.,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-11455 (BLS) |
| In re:<br><br>CBI DISTRIBUTING CORP.,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-11456 (BLS) |
| In re:<br><br>CLAIRE'S (GIBRALTAR) HOLDINGS LIMITED,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-11457 (BLS) |
| In re:<br><br>CLAIRE'S BOUTIQUES, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-11458 (BLS) |
| In re:<br><br>CLAIRE'S CANADA CORP.,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-11459 (BLS) |

85741349;3

| | |
|---|---|
| In re:<br><br>CLAIRE'S INTELLECTUAL LLC,<br><br>       Debtor. | Chapter 11<br><br>Case No. 25-11460 (BLS) |
| In re:<br><br>CLAIRE'S PUERTO RICO CORP.,<br><br>       Debtor. | Chapter 11<br><br>Case No. 25-11461 (BLS) |
| In re:<br><br>CLAIRE'S STORES, INC.,<br><br>       Debtor. | Chapter 11<br><br>Case No. 25-11462 (BLS) |
| In re:<br><br>CLAIRE'S SWISS HOLDINGS II LLC,<br><br>       Debtor. | Chapter 11<br><br>Case No. 25-11463 (BLS) |
| In re:<br><br>CLAIRE'S SWISS HOLDINGS LLC,<br><br>       Debtor. | Chapter 11<br><br>Case No. 25-11464 (BLS) |
| In re:<br><br>CLSIP HOLDINGS LLC,<br><br>       Debtor. | Chapter 11<br><br>Case No. 25-11465 (BLS) |

2

| | |
|---|---|
| In re:<br><br>CLSIP LLC,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 25-11466 (BLS) |
| In re:<br><br>CSI CANADA LLC,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 25-11467 (BLS) |

## FINAL DECREE AND ORDER CLOSING CERTAIN OF THE DEBTORS' CHAPTER 11 CASES AND MODIFYING CASE CAPTION

Upon the *Liquidating Trustee's Motion For a Final Decree and Order Closing Certain of the Debtors' Chapter 11 Cases and Modifying Case Caption* (the "Motion")[1] filed by the Liquidating Trustee for entry of an order (this "Order") under sections 105(a) and 350 of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1, (a) closing the Closing Cases as of the date of entry of this Order, leaving pending only the Remaining Case, and (b) modifying the case caption to reflect that only the Remaining Case remains pending; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and that no other or further notice is necessary; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested in the Motion, and that such relief is in the best interests of the Debtors, their estates,

---

[1]　　　　Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

85741349;3

their creditors and the parties in interest; and upon the record in these proceedings; and after due deliberation; and good and sufficient cause appearing therefor; it is hereby,

ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED as set forth herein.

2. The following Chapter 11 Cases are hereby closed and a final decree is granted pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, effective upon entry of this Final Decree: Claire's Stores, Inc., Case No. 25-11462, Claire's Puerto Rico Corp., Case No. 25-11461, Claire's Boutiques, Inc., Case No. 25-11458, Claire's Canada Corp., Case No. 25-11459, Claire's Swiss Holdings LLC, Case No. 25-11464, CSI Canada LLC, Case No. 25-11467, Claire's Swiss Holdings II LLC, Case No. 25-11463, CBI Distributing Corp., Case No. 25-11456, Claire's (Gibraltar) Holdings Limited, Case No. 25-11457, CLSIP Holdings LLC, Case No. 25-11465, BMS Distributing Corp., Case No. 25-11455, Claire's Intellectual LLC, Case No. 25-11460, and CLSIP LLC, Case No. 25-11466 (together, the "Closing Cases").

3. The Clerk of the Court shall enter this Order individually on each of the dockets of the Closing Debtor's respective Chapter 11 Cases and thereafter each such docket shall be marked as "Closed."

4. The Chapter 11 Case of the Remaining Debtor, Claire's Holdings LLC, Case No. 25-11454, shall remain open pending further order of this Court.

5. The caption of the Chapter 11 Cases are hereby modified to read as follows:

85741349;3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CLAIRE'S HOLDINGS LLC[1] | Case No. 25-11454 (BLS) |
| Post-Effective Date Debtor. | |

[1] The Post-Effective Date Debtor's service address is c/o META Advisors, LLC, 3 World Trade Center, 175 Greenwich Street, New York, New York 10007, Attn: Dana P. Kane.  On March __, 2026, the Court entered a final decree closing the chapter 11 cases of Claire's Stores, Inc., Case No. 25-11462, Claire's Puerto Rico Corp., Case No. 25-11461, Claire's Boutiques, Inc., Case No. 25-11458, Claire's Canada Corp., Case No. 25-11459, Claire's Swiss Holdings LLC, Case No. 25-11464, CSI Canada LLC, Case No. 25-11467, Claire's Swiss Holdings II LLC, Case No. 25-11463, CBI Distributing Corp., Case No. 25-11456, Claire's (Gibraltar) Holdings Limited, Case No. 25-11457, CLSIP Holdings LLC, Case No. 25-11465, BMS Distributing Corp., Case No. 25-11455, Claire's Intellectual LLC, Case No. 25-11460, and CLSIP LLC, Case No. 25-11466.

6.      All pending and future matters relating to these Chapter 11 Cases, including final fee applications, objections to claims, the Retained Causes of Action, and any other motions or pleadings shall be filed, administered and heard in the Chapter 11 Case of the Remaining Debtor.

7.      Entry of this Order is without prejudice to the rights of the Liquidating Trustee and any other party in interest to seek to reopen any of the Closing Cases.

8.      The Liquidating Trustee shall not be obligated to pay quarterly fees pursuant to 28 U.S.C. § 1930(a) with respect to the Closing Cases for any period after the date of the entry of this Order, *provided, however*, that nothing in this Order shall relieve, exempt, or otherwise discharge the Liquidating Trustee or the applicable Debtor(s) from paying quarterly fees in any Closing Case that is subsequently reopened, and *provided further*, that, the Closing Debtors shall (a) pay all fees due and payable pursuant to 28 U.S.C. § 1930(a)(6) and (b) serve copies of all post-confirmation reports on the U.S. Trustee, as and when such fees and reports are paid and filed for the Remaining Debtor. Entry of this Final Decree is without prejudice to the rights of the U.S. Trustee to reopen

85741349;3

the Closing Cases to seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. § 1930(a)(6) or the post-confirmation reports.

9.      The deadline under Local Rule 3022-1(a)(ii) to file a final report with respect to the Closing Cases within 14 days of the hearing to consider the Motion is hereby extended pending closure of the Remaining Case.  The final report required under Local Rule 3022-1(a)(ii) for the Closing Debtors shall be included as part of a consolidated final report for all of the Debtors to be filed in connection with the closure of the Remaining Case.

10.      The deadline to comply with the requirements under Local Rule 2002-1(e)(ix) with respect to the Closing Debtors shall be completed by the Claims and Noticing Agent upon the closure of the Remaining Case.

11.      Entry of this Order shall be without prejudice to (i) any entity's right to seek to reopen the Closing Cases for cause pursuant to 350(b) of the Bankruptcy Code, (ii) the rights of the Liquidating Trustee and any other party in interest to dispute, object to, or resolve any Claim, and (iii) the rights of the Liquidating Trustee to investigate, commence, pursue, institute, file, prosecute, enforce, abandon, settle, compromise, release, or withdraw any and all Causes of Action.  Except as expressly set forth in the Bankruptcy Code, nothing in this Order shall affect the substantive rights of any party in interest in the Closing Cases; provided, however, that no party shall be entitled to assert that the closing of the Closing Cases bars the pursuit of any Causes of Action pursuant to section 546(a)(2) of the Bankruptcy Code so long as the Remaining Case remains pending.

12.      The Liquidating Trustee is empowered and authorized to take all actions necessary or appropriate to effect the relief granted in this Order.

13.      This Order is effective and enforceable immediately upon entry hereof.

14.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: March 17th, 2026**
**Wilmington, Delaware**

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

7

85741349;3